U.S. DISTRICT COURT E.D.N.Y.
★  JUN 23 2010  ★
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Igor Anokhin<br>　　　Plaintiff, | )<br>)<br>) CV 10 2890<br>) |
| v. | )<br>) GLASSER, J. |
| Continental Service Group, Inc., | ) CLASS ACTION COMPLAINT<br>) |
| 　　　Defendant. | ) JURY DEMANDED<br><br>MANN, M. |

Class Action Complaint for Violations of the Fair Debt Collection Practices Act

Introduction

1.   Plaintiff Igor Anokhin ("Plaintiff" or "Anokhin") files this Complaint seeking redress for the illegal practices of Defendant Continental Service Group, Inc. ("Defendant" or "Conserve"), in connection with the collection of a debt allegedly owed by the consumer in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, *et seq.*

Parties

2. Plaintiff Igor Anokhin is a citizen of New York State who resides within this District.

3. Plaintiff is a "consumer" as that term is defined by FDCPA § 1692a(3).

1

4. The alleged debt of Plaintiff is a "debt" as defined by 15 USC 1692a in that it is a debt alleged to be owed for personal, family, or household services.

5. The alleged debt was for the purchase of household and personal products and no part of the alleged debt was incurred for business related items or services.

6. Defendant is regularly engaged in the collection of debts allegedly due to others.

7. Defendant is a "debt collector," as defined by FDCPA § 1692a(6).

### Jurisdiction and Venue

8. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9. Declaratory relief is available under 28 U.S.C. §§ 2201 and 2202.

10. Venue is proper in this district under 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

11. Venue is also proper in this district since Defendant transact business in this district.

### Factual Allegations

12. On or about April 30, 2010 Defendant sent an initial letter to Plaintiff, a copy of which is attached as Exhibit A, in an attempt to collect a consumer debt, allegedly due to Pace University.

13. The letter reads in relevant part as follows:

| | |
|---|---|
| Principal | $15,807.00 |
| Interest | $     00.00 |
| Coll.Cost/Fees: | $ 7,903.38 |
| Total Due: | $23,710.38 |

14. Upon information and belief, the "Coll/Cost/Fees" demanded by defendant was not incurred by Pace University and was unearned, unreasonable, unconscionable, and bore no relation – reasonable or otherwise – to any actual damages incurred by Pace University or Defendant for any goods or services supplied by Pace University and/or Defendant for any work performed by or on behalf of Pace University and/or Defendant.

15. Upon information and belief, Defendant arbitrarily created the demand for an approximately 50% collection fee in an attempt to collect unearned fees, which Pace University had not incurred, and to simultaneously intimidate and scare Plaintiff into paying the so-called "Principal" out of fear that he would otherwise be liable for additional "Coll/Cost/Fees."

16. Exhibit A is a form letter.

17. Upon information and belief, Defendant sends form letters containing language substantially similar or materially identical to that contained in Exhibit A to hundreds of consumers in New York.

### *Class Action Allegations*

18. Under Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

> a. Based on the fact that the collection letters at the heart of this litigation are mass-mailed form letters, the classes are so numerous that joinder of all members is impractical.
>
> b. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. These common questions include whether Exhibit A violates the FDCPA.
>
> c. The claims of Plaintiff are typical of the class members' claims. All are based on the same facts and legal theories. The only individual issue is the identification of the consumers who received the letter, (*i.e.*, the class members), which is a matter capable of ministerial determination from the Defendants' records.
>
> d. Plaintiff will fairly and adequately represent the class members' interests. All claims are based on the same facts and legal theories and Plaintiff's interests are consistent with the interests of the class.
>
> e. Plaintiff has retained counsel experienced in bringing class actions and collection abuse claims.

19. A class action is superior for the fair and efficient adjudication of the class members' claims.

20. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k.

21. The class members are generally unsophisticated individuals unaware of the protections afforded them by the FDCPA, which rights will not be vindicated in the absence of a class action.

4

22. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

23. If the facts are discovered to be appropriate, Defendant will seek to certify a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

24. This Count is brought by Plaintiff, individually, and on behalf of a class consisting of all persons who, according to Defendant's records: (a) have mailing addresses within New York State; and (b) within one year before the filing of this action; (c) were sent a collection letter in a form materially identical or substantially similar to the letter sent to Plaintiff, attached as Exhibit A; or (d) were sent a written communication demanding "Coll. Cost/Fees" of approximately 50% of the alleged "principal" balance that Defendant was attempting to collect; and (e) which was not returned by the postal service as undelivered.

25. Collection letters, such as those sent by Defendant, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### Count I

### Violations of the Fair Debt Collection Practices Act

25. Plaintiff restates, realleges, and incorporates herein by reference all foregoing paragraphs as if set forth fully in this Count.

### The April 3, 2010 letter

5

26. By sending <u>Exhibit A</u> and attempting to collect 50% "Coll. Cost/Fees", Defendant violated numerous provisions of the FDCPA, including 15 U.S.C. §§1692 e, e(2), e(10), f, f(1), and g.

26. By sending <u>Exhibit A</u> and attempting to collect 50% "Coll. Cost/Fees", Defendant violated 15 U.S.C. § 1692e, e(2)(A), and e(10), by falsely representing the character, amount, and legal status of the alleged debt. This is also an unfair and unconscionable act under 15 U.S.C. § 1692f and 15 U.S.C. § 1692f(1).

28. By sending <u>Exhibit A</u> and attempting to collect 50% "Coll. Cost/Fees", Defendant also violated 15 U.S.C. § 1692e, e(2)(B), and e(10), by falsely representing services rendered and compensation which may be lawfully received by Defendant for the collection of the alleged debt. This is also an unfair and unconscionable act under 15 U.S.C. § 1692f and 15 U.S.C. § 1692f(1).

29. By sending <u>Exhibit A</u> and attempting to collect 50% "Coll. Cost/Fees", Defendant also violated 15 U.S.C. § 1692f and 15 U.S.C. § 1692f(1) by attempting to collect a fee that is not permitted by law, or authorized by an agreement.

30. By sending <u>Exhibit A</u> and attempting to collect 50% "Coll. Cost/Fees", Defendant also violated 15 U.S.C. § 1692g(a)(1), by incorrectly stating the amount of the alleged debt. This is also an unfair and act under 15 U.S.C. § 1692f.

31. By sending <u>Exhibit A</u> and attempting to collect 50% "Coll. Cost/Fees", Defendant also violated 15 U.S.C. § 1692e(5), by threatening to take an action that could not lawfully be taken. This is also an unfair and act under 15 U.S.C. § 1692f.

32. Defendant's violations of 15 U.S.C. §1692, *et seq.*, render Defendant liable to Plaintiff and the Class.

33. As a result of Defendant deceptive and unfair debt collection practices, Defendant is liable to Plaintiff and the Class.

WHEREFORE, Plaintiff asks that this Court enter judgment in his favor and in favor of the members of the Class, against Defendant, awarding damages as follows:

(A) Statutory damages as provided by § 1692k of the FDCPA;

(B) Actual damages provided under the FDCPA, 15 U.S.C. 1692k;

(C) Attorneys' fees, litigation expenses and costs incurred in bringing this action;

(D) Declaratory relief declaring that Exhibit A violates the FDCPA; and

(E) Any other relief this Court deems appropriate and just.

### Jury Demand

Plaintiff demands trial by jury.


Dated: West Islip, New York
       June 3, 2010

RESPECTFULLY SUBMITTED,

Joseph Mauro, Esq.
The Law Office of Joseph Mauro, LLC
306 McCall Ave.
West Islip, NY 11795
(631) 669-0921

Exhibit A

PO Box 239
Sanborn, NY 14132-0177

April 30, 2010

**Continental Service Group, Inc.**
**ConServe**

A Debt Collection Agency
200 CrossKeys Office Park
Fairport, NY 14450
866-518-0400           www.payconserve.com
585-421-1011           Web Access Code: 1.2140432.447

3003                     *A-01-KVW-CM-00706-5

IGOR ANOKHIN
20710 JORDAN DR
BAYSIDE NY 11360-1183

RE:        PACE UNIVERSITY
FOR:       STUDENT ACCT BALANCE
Client ID: U00130355
Acct #:    4263877

PRINCIPAL:        $15,807.00
INTEREST:         $0.00
COLL. COSTS/FEES: $7,903.38
TOTAL DUE:        $23,710.38

Dear Igor Anokhin:

PACE UNIVERSITY has assigned your account to ConServe a professional Collection Agency for collections.

The unpaid balance above is due from you on this account. Unless you dispute the debt, please remit the entire amount above.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of this office in writing, within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. Federal Law prohibits unfair collection practices.

This communication is from a debt collector and is an attempt to collect a debt.
Any information obtained will be used for that purpose.

**NOTICE: SEE REVERSE SIDE FOR IMPORTANT INFORMATION**

PLEASE DETACH AND RETURN BOTTOM PORTION WITH YOUR PAYMENT

(____) Enclosed is my checking account information.                (____) Enclosed is my VISA, MASTERCARD, or DISCOVER #:

**If paying by ACH, please complete this section**

I, _____ authorize ConServe to electronically debit my checking account for the total listed above.

Bank Routing Number | Checking Account Number
Check Number | Date | Phone | Work Phone
Name of Bank | Bank City, State
Authorized name on Check | Signature

**If paying by Credit Card, please complete this section**

| CARD NUMBER | AMOUNT | CVW # (3 or 4 Digit code on Back of Card) |
| SIGNATURE | EXP. DATE | |
| CARDHOLDER NAME (Please Print) | Check Here if cardholder address is the same as the address shown on this letter. If not, provide cardholder address on back of coupon. |

Account # 4263877

**CALIFORNIA:** As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. But we will not submit a negative credit report to a credit reporting agency about this credit obligation until the expiration of the time period described in the notice on the front of this letter.

The state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 A.M. or after 9 P.M. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

**COLORADO:** For information about the Colorado Fair Debt Collection Practices Act, see WWW.COLORADOATTORNEYGENERAL.GOV/CA. Our Registered Trade name in the state of Colorado is ConServe, NY.

A CONSUMER HAS THE RIGHT TO REQUEST IN WRITING THAT A DEBT COLLECTOR OR COLLECTION AGENCY CEASE FURTHER COMMUNICATION WITH THE CONSUMER. A WRITTEN REQUEST TO CEASE COMMUNICATION WILL NOT PROHIBIT THE DEBT COLLECTOR OR COLLECTION AGENCY FROM TAKING ANY OTHER ACTION AUTHORIZED BY LAW TO COLLECT THE DEBT.

**MAINE:**
Our hours of operation are 8:00 am – 10:00 pm (ET) Monday through Thursday; 8:00 am – 6:00 pm (ET) on Friday; and 9:00am to 1:00 pm (ET) on Saturday.

**MASSACHUSETTS:**
Our office address is 200 CrossKeys Office Park, Fairport, NY and our hours are 8:00 am – 10:00 pm (ET) Monday through Thursday; 8:00 am – 6:00 pm (ET) on Friday; and 9:00am to 1:00 pm (ET) on Saturday.

**NOTICE OF IMPORTANT RIGHTS**
YOU HAVE THE RIGHT TO MAKE A WRITTEN OR ORAL REQUEST THAT TELEPHONE CALLS REGARDING YOUR DEBT NOT BE MADE TO YOU AT YOUR PLACE OF EMPLOYMENT. ANY SUCH ORAL REQUEST WILL BE VALID FOR ONLY TEN DAYS UNLESS YOU PROVIDE WRITTEN CONFIRMATION OF THE REQUEST POSTMARKED OR DELIVERED WITHIN SEVEN DAYS OF SUCH REQUEST. YOU MAY TERMINATE THIS REQUEST IN WRITING TO THE DEBT COLLECTOR.

**MINNESOTA:** This Collection Agency is licensed by the Minnesota Department of Commerce. Our registered Assumed Name in the state of Minnesota is ConServe-ARM.

**NORTH CAROLINA:** North Carolina Permit Number: 100740

**NEW YORK CITY:**
New York City Department of Consumer Affairs License Number: 0980834. ConServe's NY consumer call back number is 866-622-9863, and ask for Monet Jordan.

**PUERTO RICO:** Our collection agency is authorized to do business in Puerto Rico as Continental Service Group, Inc.

**TENNESSEE:** This Collection Agency is licensed by the Collection Service Board of the Department of Commerce and Insurance.

**UTAH:** As required Utah law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations. We will not submit a negative credit report to a credit reporting agency about this credit obligation until the expiration of the time period described on the front of this letter

**WISCONSIN: This collection agency is licensed by the Division of Banking, P.O. Box 7876, Madison, Wisconsin 53707.**

## NOTE CHANGES ONLY

FIRST NAME [ ] MI [ ]
LAST NAME [ ]
ADDRESS [ ]
CITY [ ] HOME PHONE [ ]-[ ]-[ ]
STATE [ ] ZIP [ ]-[ ] WORK PHONE [ ]-[ ]-[ ]

Send Payment To:

CONTINENTAL SERVICE GROUP, INC.
CONSERVE
PO BOX 7
FAIRPORT NY 14450-0007